# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Gregory Watkins,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-02252-PHX-SPL (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:**

  Pending before the Court is Charles Gregory Watkins' ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have filed their Answer (Doc. 12). Petitioner did not file a reply. The matter is deemed ripe for consideration.

  The Petition contains two ineffective assistance of counsel claims, each containing a number of sub-claims. While the Petition is timely, the undersigned finds that all of the claims are meritless. In addition, the undersigned finds that one of the sub-claims is procedurally defaulted. It is therefore recommended that the Court deny and dismiss the Petition.

## I. BACKGROUND

  At 9:53 p.m. and 10:09 p.m. on April 10, 2009, an undercover City of Phoenix

1 police officer called a cell phone number from a restricted line to arrange the purchase of
2 forty dollars of crack cocaine.  (Doc. 1-1 at 2; Doc. 12-3 at 8).  A female answered the
3 phone, who agreed to meet the officer in the parking lot of a Church's Chicken
4 restaurant.  (Doc. 1-1 at 2; Doc. 12-3 at 10).  Two other officers observed the meeting
5 place from a discrete location.  (Doc. 1-1 at 2).  After 10:00 p.m., the officers saw a red
6 Ford Bronco turn into the parking lot.  (*Id*.; Doc. 12-3 at 11).  The vehicle circled the lot
7 multiple times, then moved to the street exit.  (Doc. 1-1 at 2; Doc. 12-3 at 12).  Officers
8 stopped the vehicle after following it for a few blocks.   (Doc. 1-1 at 2-3).

9       The female driver of the vehicle admitted she spoke to the officer to arrange the
10 drug transaction.  (*Id*. at 3).  Petitioner was sitting in the vehicle's front passenger seat.
11 (*Id*.).  When an officer approached the front passenger side, the officer saw a glass pipe
12 and "white rock-like substance" that was consistent with crack cocaine on the floorboard
13 immediately behind Petitioner's seat.  (*Id*. at 3, 6).  The substance was later confirmed to
14 be crack cocaine with an approximate value of forty dollars.  (*Id*. at 3).  A crack pipe was
15 also found in the driver's purse.  (*Id*.).

16       Officers searched Petitioner and found the following in the pockets of Petitioner's
17 pants: $1,686 in cash, a cell phone that had received calls from a restricted number at the
18 precise times the officer had called to arrange the drug transaction, and a sliver of a white
19 rock-like substance later determined to be 9.3 milligrams of crack cocaine.  (*Id*. at 3-4).

20       On April 17, 2009, Petitioner was indicted on two counts: (i) possession for sale of
21 narcotic drugs and (ii) possession of drug paraphernalia.  (Doc. 12-1 at 2-3).  In June
22 2009, Petitioner's trial counsel filed a "Motion to Dismiss Indictment with Prejudice, or,
23 alternatively, Motion to Remand for a Redetermination of Probable Cause" (the "Motion
24 to Dismiss/Motion to Remand").  (*Id*. at 10-11).  The motion alleged that the indictment
25 was predicated on false testimony that on the night of the search, Petitioner possessed
26 forty dollars worth of crack cocaine and drug paraphernalia.  (*Id*.).  The trial court held
27 oral argument on the motion.  (*Id*. at 52-68).  The State conceded that the officer
28 mistakenly testified before the Grand Jury that the (i) Church's Chicken restaurant had

1  "been closed for several hours" when the red Ford Bronco pulled into the parking lot and
2  (ii) that officers had field-tested the white substance in Petitioner's pocket prior to the
3  Grand Jury proceeding. (*Id.* at 58-59). Church's Chicken was actually open until 11:00
4  p.m. and officers had not field-tested the substance in Petitioner's pocket at the time of
5  the Grand Jury proceeding. (*Id.*). The substance, however, had been later lab-tested and
6  was confirmed to be crack cocaine. (*Id.* at 59). The State argued that the errors in the
7  officer's testimony were not material because the substance found within Petitioner's arm
8  reach behind the front passenger's seat was field-tested before the Grand Jury proceeding
9  and was confirmed to be forty dollars worth of crack cocaine. (*Id.*). The State asserted
10 that even without the evidence of the crack cocaine in Petitioner's pocket, the State
11 would have gone forward and argued that probable cause still would have been found.
12 (*Id.*).

13 The trial court found that the officer did err in his testimony before the Grand Jury,
14 but ruled that the testimony was not a material error "since it appears clear that the charge
15 in this case, which is possession for sale of a narcotic drug, clearly relates to the cocaine
16 that was behind the seat." (*Id.* at 63-64). The trial court noted that the issue as to
17 whether Petitioner had constructive possession of the forty dollars in crack cocaine is an
18 issue for the trier of fact. Finding that some evidence existed that Petitioner had
19 constructive possession of the crack cocaine behind his seat, the trial court denied the
20 Motion to Dismiss/Motion to Remand. (*Id.* at 64).

21 On July 21, 2009, Petitioner's trial counsel filed a Motion to Suppress, arguing
22 that (i) the traffic stop was not justified; (ii) there was no reasonable suspicion of criminal
23 activity; and (iii) the search of the vehicle was unlawful. (*Id.* at 86-97). After holding an
24 evidentiary hearing, the trial court denied the Motion to Suppress. (*Id.* at 99-170).

25 On August 17, 2009, Petitioner's trial counsel filed a Motion in Limine to
26 preclude the statements made by the driver of the vehicle Petitioner was in on the night of
27 Petitioner's arrest. (*Id.* at 176-181). The trial court denied the Motion in Limine. (Doc.
28 12-2 at 12). The trial court found that Petitioner and the driver were co-conspirators and

- 3 -

1  the statements made by the driver on the cell phone were in furtherance of that
2  conspiracy, thereby rendering the driver's statements not hearsay under Rule
3  801(D)(2)(E) of the Arizona Rules of Evidence. (*Id*. at 11-12).

4  On September 1, 2009, a jury found Petitioner guilty of possession for sale of
5  narcotic drugs and possession of drug paraphernalia. (Doc. 12-5 at 6; Doc. 12-6 at 77).
6  The trial court sentenced Petitioner to a total of fourteen years on both counts. (Doc. 12-
7  4 at 76-80).

8  Petitioner timely appealed. (*Id*. at 83-84). Petitioner's appellate counsel raised
9  one claim alleging that there was insufficient evidence to support Petitioner's
10 convictions. (Doc. 12-5 at 2-20). On October 13, 2011, the Arizona Court of Appeals
11 affirmed Petitioner's convictions and sentences. (*Id*. at 55-62). Petitioner did not petition
12 the Arizona Supreme Court for review.

13 On November 14, 2011, Petitioner filed a notice of post-conviction relief ("PCR").
14 (*Id*. at 64-66). The trial court appointed PCR counsel. (*Id*. at 68-69). PCR counsel was
15 unable to find a colorable claim for relief. (*Id*. at 71). On May 30, 2012, Petitioner filed
16 a pro se PCR petition, which raised two claims. (*Id*. at 74-111). Petitioner argued that
17 his trial counsel was ineffective for "failing to prepare and present a proper defense at
18 trial . . . ." (*Id*. at 77). Petitioner also argued that his appellate counsel was ineffective
19 for failing to raise certain additional issues on direct appeal. (*Id*. at 77-78). On August
20 15, 2012, the trial court ruled that the PCR petition failed to raise a colorable claim and
21 dismissed the PCR petition. (Doc. 12-6 at 26-31). Petitioner filed a petition for review in
22 the Arizona Court of Appeals. (*Id*. at 33-63). On January 7, 2014, the Arizona Court of
23 Appeals granted review, but denied relief. (*Id*. at 68-72).

24 On October 9, 2014, Petitioner filed the Petition seeking federal habeas relief
25 (Doc. 1). Respondents answered on February 3, 2015 (Doc. 12). Petitioner has not
26 replied.

27 **II. FEDERAL HABEAS LAW**

28 Respondents do not argue, and the undersigned does not find, that Petitioner failed

to exhaust the claims in the Petition or that the Petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[1]  The following principles are relevant to the review of Petitioner's grounds for habeas relief.

### A. Procedural Default Doctrine

If a claim was presented in state court, and the court expressly invoked a state procedural rule in denying relief, then the claim is procedurally defaulted in a federal habeas proceeding.  *See, e.g., Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001).  The procedural default doctrine is rooted in the general principle that federal courts will not disturb state court judgments based on adequate and independent state grounds.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004).  A habeas petitioner who has failed to meet the state's procedural requirements for presenting his or her federal claims has deprived the state courts of an opportunity to address those claims in the first instance.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

As alluded to above, a procedural default determination requires a finding that the relevant state procedural rule is an adequate and independent rule.  *See id*. at 729-30.  An adequate and independent state rule is clear, consistently applied, and well-established at the time of a petitioner's purported default.  *Greenway v. Schriro*, 653 F.3d 790, 797-98 (9th Cir. 2011); s*ee also Calderon v. U.S. Dist. Court (Hayes)*, 103 F.3d 72, 74-75 (9th Cir. 1996).  An independent state rule cannot be interwoven with federal law.  *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  The ultimate burden of proving the adequacy of a state procedural bar is on the state.  *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).  If the state meets its burden, a petitioner may overcome a procedural default by proving one of two exceptions.

In the first exception, the petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law.  *Hurles v. Ryan*, 752 F.3d

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

768, 780 (9th Cir. 2014). To demonstrate "cause," a petitioner must show that some objective factor external to the petitioner impeded his or her efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To demonstrate "prejudice," the petitioner must show that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Carrier*, 477 U.S. at 494 ("Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

In the second exception, a petitioner must show that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *Hurles*, 752 F.3d at 780. This exception is rare and only applied in extraordinary cases. *Wood v. Ryan*, 693 F.3d 1104, 1118 (9th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The exception occurs where a "constitutional violation has probably resulted in the conviction of one who is actually innocent of the offense that is the subject of the barred claim." *Wood*, 693 F.3d at 1117 (quoting *Schlup*, 513 U.S. at 327).

**B.  Reviewing Habeas Claims on the Merits**

In reviewing the merits of a habeas petitioner's claims, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires federal courts to defer to the last reasoned state court decision. *Woods v. Sinclair*, 764 F.3d 1109, 1120 (9th Cir. 2014); *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013). To be entitled to relief, a state prisoner must show that the state court's adjudication of his or her claims either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *see also, e.g., Woods*, 764 F.3d at 1120; *Parker v. Matthews*,

132 S. Ct. 2148, 2151 (2010); *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

As to relief under 28 U.S.C. § 2254(d)(1), "clearly established federal law" refers to the holdings of the U.S. Supreme Court's decisions applicable at the time of the relevant state court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). A state court decision is "contrary to" such clearly established federal law if the state court (i) "applies a rule that contradicts the governing law set forth in [U.S. Supreme Court] cases" or (ii) "confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

As to relief under 28 U.S.C. § 2254(d)(2), factual determinations by state courts are presumed correct unless the petitioner can show by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see also Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir. 2004) (as amended) (internal quotation marks and citation omitted).

### III. ANALYSIS OF THE PETITION

**A. Proving Ineffective Assistance of Counsel Under *Strickland v. Washington*, 466 U.S. 668 (1984)**

Claims of ineffective assistance of counsel ("IAC") are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner arguing an IAC claim must establish that his or her counsel's performance was (i) objectively deficient and (ii) prejudiced the petitioner. 466 U.S. at 687. This is a deferential standard, and "[s]urmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). In the habeas context, the issue is whether there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard, such that the state court's

rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal quotation marks and citation omitted). Hence, a review of *Strickland* claims under AEDPA is "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) ("We take a 'highly deferential' look at counsel's performance [pursuant to *Strickland,* 466 U.S. at 689], through the 'deferential lens of § 2254(d)' . . . .").

In assessing the performance factor of *Strickland's* two-part test, a court must try not "to second-guess counsel's assistance after conviction." *Clark*, 769 F.3d at 725 (internal quotation marks and citation omitted). To be constitutionally deficient, counsel's representation must fall below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases. *Id*. A reviewing court considers "whether there is any reasonable argument" that counsel was effective. *Rogovich v. Ryan*, 694 F.3d 1094, 1105 (9th Cir. 2012).

To establish the prejudice factor of *Strickland's* two-part test, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, it must be shown that the "likelihood of a different result [is] substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Although the performance factor is listed first in *Strickland's* two-part test, a court may consider the prejudice factor first. In addition, a court need not consider both factors if the court determines that a petitioner has failed to meet one factor. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998) (a court need not look at both deficiency and prejudice if the habeas petitioner cannot establish one or the other).

**B. Ground One: Alleged Ineffective Assistance of Trial Counsel**

In Ground One, Petitioner alleges that his trial counsel was constitutionally ineffective for failing to: (i) investigate the ownership of the cell phone used to arrange the drug deal; (ii) investigate the source of the $1,686 in cash found in Petitioner's pocket; and (iii) have the crack pipe found in the vehicle Petitioner was riding in tested for fingerprints. (Doc. 1 at 13). Petitioner asserts that if trial counsel had conducted the above investigations, counsel would have discovered that (i) Petitioner did not own the cell phone; (ii) the $1,686 in cash was from Petitioner's Pell grant; and (iii) the crack pipe did not have Petitioner's fingerprints on it. (*Id*. at 13-14).

The last state court decision reviewing the above claim is the January 7, 2014 Arizona Court of Appeals ruling that affirmed the trial court's denial of Petitioner's PCR petition. The Court of Appeals explained that "[Petitioner] repeats his claims of ineffective assistance of trial counsel but identifies no factual or legal error in the trial court's rejection of those claims. And we have reviewed the record and find no error in the courts thorough reasoning and decision." (Doc. 12-6 at 70). As the Arizona Court of Appeals adopted the trial court's reasoning, the U.S. District Court may review the trial court's decision as part of the review of the Arizona Court of Appeals' decision. *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (explaining that when the last reasoned decision is a state appellate court decision which adopts or substantially incorporates lower state court decisions, the lower state court decisions may be reviewed as part of the review of the state appellate court's decision). As discussed below, Ground One is meritless as the state court's rejection of Petitioner's IAC claim was not an unreasonable application of *Strickland*.

**1. Performance Prong of the *Strickland* Test**

The trial court found that Petitioner failed to establish that his trial counsel's performance fell below an objective standard of reasonableness as defined by prevailing professional norms, reasoning as follows:

1. Regarding the $1,686, the trial court noted that to introduce evidence as to the

1 source of the cash, Petitioner would have had to testify at trial. If Petitioner testified, the
2 State would have been able to introduce evidence of Petitioner's prior felony offenses,
3 which would have damaged Petitioner's case. (Doc. 12-6 at 59). The trial court
4 concluded that Petitioner's trial counsel therefore made a reasonable strategy decision.
5 (*Id*.).

6       2. As to ownership of the cell phone, the trial court noted that a police officer
7 testified that the cell phone was found in Petitioner's pocket. (*Id*. at 60). The trial court
8 found that "[b]ecause ownership (or lack thereof) of the phone was so insignificant as to
9 the issue of guilt, Defense Counsel could have legitimately determined that calling a
10 witness to prove ownership of the phone would not be helpful to [Petitioner]." (*Id*.).

11       3. Finally, the trial court found that it was a reasonable strategy decision by
12 Petitioner's counsel to not test the crack pipe found in Petitioner's vehicle for fingerprints
13 as it allowed counsel to "argue to the jury that the State failed to prove [Petitioner] ever
14 touched the pipe." (*Id*.).

15       Although Petitioner disagrees with trial counsel's strategy, "strategic choices made
16 after thorough investigation of law and facts relevant to plausible options are virtually
17 unchallengeable." *Earp v. Cullen*, 623 F.3d 1065, 1077 (9th Cir. 2010) (quoting
18 *Strickland,* 466 U.S. at 690); *see also Murray*, 746 F.3d at 457 (a "defendant's
19 disagreement with trial counsel's strategy does not constitute deficient performance on
20 the part of trial counsel"). Moreover, Petitioner has not proffered any reason as to why
21 the trial court's findings above, as adopted by the Arizona Court of Appeals, are not an
22 objectively reasonable application of *Strickland*. When considering ineffective assistance
23 of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show
24 that the state court applied *Strickland* to the facts of his case in an objectively
25 unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curium); *Bell
26 v. Cone*, 535 U.S. 685, 698-699 (2002) (stating that a federal habeas petitioner "must do
27 more than show that he would have satisfied *Strickland's* test if his claim were being
28 analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a

federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. . . . Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner."). After reviewing the record, the undersigned finds that the Arizona state courts did not unreasonably determine the performance prong of the two-part *Strickland* test.

### 2. Prejudice Prong of the *Strickland* Test

The trial court also analyzed Petitioner's IAC claims under the prejudice prong of the *Strickland* test. The trial court ruled that Petitioner failed to establish a reasonable probability that his trial counsel's allegedly ineffective performance affected the verdict, finding that:

1. As to the $1,686 in cash, "the jury could have found that the cash in [Petitioner's] pocket and wallet was circumstantial evidence supporting the charge of Possession for Sale of Narcotic Drug." (Doc. 12-6 at 47).

2. As to the ownership of the cell phone, the trial court noted that even if evidence showed that Petitioner did not own the phone, the "jury still heard the testimony of the officers that the phone was used to set up the drug deal and the phone was found in [Petitioner's] pocket." (*Id*. at 47-48).

3. Finally, the trial court commented that even if the crack pipe was tested for fingerprints, and Petitioner's fingerprints were not found on the pipe, Petitioner could have been found guilty of possession of drug paraphernalia pursuant to the theory of accomplice liability. (*Id*. at 48).

Petitioner does not specify how the Arizona state courts erred in determining the prejudice prong of *Strickland*. *Woodford*, 537 U.S. at 25; *Bell*, 535 U.S. at 698-699. The undersigned finds that the Arizona state courts did not unreasonably determine the prejudice prong of the two-part *Strickland* test. First, under Arizona law, a person has constructive possession of an item if it can be inferred the person had knowledge of the property and dominion or control over the area where it was found. *State v. Cox*, 155 P.3d 357, 359 (Ariz. Ct. App. 2007). Possession can be sole or joint. *Id*. Thus, a rational

juror could find that another individual owned the cell phone, but also find that Petitioner jointly possessed the cell phone.

Second, the lack of direct evidence such as fingerprints linking Petitioner to the crack pipe is not dispositive of Petitioner's claim because possession may be proven by circumstantial evidence. *Cox*, 155 P.3d at 359; *Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995) ("Circumstantial evidence and inferences drawn from [the record] may be sufficient to sustain a conviction.") (internal quotation marks and citation omitted). Finally, Petitioner has failed to establish that there is a "substantial, not just conceivable" likelihood of a different result if the jury had heard evidence that the $1,686 in cash found in Petitioner's pocket came from a Pell grant. *See Richter*, 562 U.S. at 112.

In sum, Petitioner has failed to show that the Arizona Court of Appeals' decision denying his IAC claims contained in Ground One was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts. The undersigned therefore recommends that the Court deny Ground One on the merits.

**C. Ground Two: Alleged Ineffective Assistance of Appellate Counsel**

In Ground Two, Petitioner argues that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in denying Petitioner's: (i) Motion to Dismiss/Motion to Remand; (ii) Motion to Suppress; and (iii) Motion in Limine. (Doc. 1 at 15-22). The last reasoned state court decision on the above claim is the January 7, 2014 Arizona Court of Appeals' decision.

Regarding the Motion to Dismiss/Motion to Remand, the Arizona Court of Appeals held that:
> [Petitioner] cites no authority and develops no meaningful argument that he is entitled to relief on this ground. Notably, although he generally asserts the officer's testimony constituted perjury, he cites no evidence supporting that assertion or contradicting the officer's testimony that the misstatements were unintentional. . . . Accordingly, he has waived this argument on review, and we do not address it further. *See* Ariz. R. Crim. P. 32.9(c)(1) (petition for review

> shall contain "specific references to the record"); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) (insufficient argument waives claim on review).

(Doc. 12-6 at 71-72). Because the Arizona Court of Appeals denied relief on the above sub-claim by finding that Petitioner failed to comply with Rule 32.9(c)(1) of the Arizona Rules of Criminal Procedure, the undersigned concludes that the claim is procedurally barred on independent and adequate state grounds.[2] The Petition contains no legitimate reason to excuse the procedural default of the sub-claim.[3]

Alternatively, Petitioner's sub-claim is meritless. As noted by the trial court, there was adequate evidence to support the denial of the Motion to Dismiss/Motion to Remand. (Doc. 12-6 at 30). The mistakes in the officer's testimony were not material given that forty dollars worth of crack cocaine was found behind Petitioner's seat. (Doc. 12-1 at 63-64). An appellate attorney is not ineffective for failing to raise claims which do not have a reasonable probability of succeeding or which offer only a remote chance of securing a reversal. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989); *Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) ("A hallmark of effective appellate counsel is the ability to weed out claims that have no likelihood of success, instead of throwing in a kitchen sink full of arguments with the hope that some argument will persuade the court."); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) (appellate counsel's failure to raise an issue on direct appeal cannot constitute ineffective assistance when "appeal

---

[2] The State's Answer does not raise the issue of procedural default. Although procedural default is an affirmative defense which must generally be asserted by the State, "the district court retains discretion to consider the issue *sua sponte* if the circumstances warrant." *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003). In particular, the court may raise the issue *sua sponte* where warranted by "principles of comity, federalism, and judicial efficiency." *Id.*

[3] The Petition contains the assertion that Petitioner "is innocent and only stands convicted do [sic] state court errors which caused a miscarriage of justice." (Doc. 1 at 22). This vague and conclusory statement is insufficient to excuse Petitioner's procedural default of Petitioner's sub-claim. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("we have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt").

would not have provided grounds for reversal"). Appellate counsel's failure to challenge the trial court's denial of the Motion to Dismiss/Motion to Remand on direct appeal does not support Petitioner's IAC claim.

The Court of Appeals rejected the remaining two sub-claims in Ground Two for the following reasons:

1. As to trial court's denial of Petitioner's Motion to Suppress, the Arizona Court of Appeals stated:

> [Petitioner] insists the traffic stop of his vehicle was improper . . . because "there was nothing suspicious about a random vehicle pulling into a place of business that was open" and, in any event, the stop was improper because it was "pretextual." But [Petitioner] ignores that the stop was based on a traffic violation—not on the driver's conduct in the parking lot. [Petitioner] does not assert there was no traffic violation justifying the stop. *See generally State v. Livingston*, 206 Ariz. 145, ¶ 9, 75 P.3d 1103, 1105 (App. 2003) (law enforcement officer effectuating the stop need only have reasonable suspicion to believe individual committed traffic violation). And [Petitioner] is incorrect that the stop would be improper if it was pretextual. *Jones v. Sterling*, 210 Ariz. 308, ¶ 11, 110 P.3d 1271, 1274 (2005) ("[E]vidence seized as a result of a traffic stop meeting 'normal' Fourth Amendment standards is not inadmissible because of the subjective motivations of the police who made the stop.").

(Doc. 12-6 at 71).

2. The Arizona Court of Appeals affirmed the trial court's rejection of Petitioner's argument that appellate counsel should have challenged the trial court's denial of Petitioner's Motion in Limine. The Court of Appeals ruled that there was independent evidence sufficient to establish a prima facie case of conspiracy because Petitioner was "in a vehicle with another person with drug paraphernalia, and a saleable amount of cocaine was in open view, and within ready access of either of the vehicle's occupants." (Doc. 12-6 at 72). Thus, the statements were admissible as statements by a co-conspirator pursuant to Rule 801(d)(2)(E) of the Arizona Rules of Evidence.

Like in Ground One, Petitioner does not present any argument as to how the above

1  Arizona Court of Appeals' rulings are contrary to or an unreasonable application of
2  *Strickland*. Petitioner again has failed to meet his burden of establishing entitlement to
3  habeas relief. *Woodford*, 537 U.S. at 25; *Bell*, 535 U.S. at 698-699. The undersigned
4  finds that the Arizona Court of Appeals' rulings regarding the claims contained in
5  Ground Two are not contrary to or an unreasonable application of clearly established
6  federal law or an unreasonable determination of the facts. It is therefore recommended
7  that the Court deny Ground Two on the merits.

### D. Petitioner's Claim of Actual Innocence

In his Petition, Petitioner makes the conclusory statement that he is innocent. (Doc. 1 at 22). "Claims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."[4] *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Petitioner is not entitled to federal habeas relief based solely on his claim of actual innocence of the criminal acts underlying his convictions. *See Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir.1995); *Swan v. Peterson*, 6 F.3d 1373, 1384 (9th Cir. 1993). Even if Petitioner's claim of innocence was a cognizable claim in this habeas proceeding, Petitioner has not offered any evidence that affirmatively proves Petitioner's innocence. *See Carriger*, 132 F.3d at 477. Thus, the claim should be denied if the Court deems Petitioner's statement that he is innocent to be a free-standing actual innocence claim.

### E. Petitioner's Additional Requests

#### 1. Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing. (Doc. 1 at 23). Review of Section 2254(d) claims "is limited to the record that was before the state court that adjudicated

---

[4] The Ninth Circuit, however, has held that a capital habeas petitioner may assert a freestanding actual innocence claim after it found that a majority of the justices in *Herrera* would have supported such a claim. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). The petitioner's burden in such a case is "extraordinarily high," and requires a showing that is "truly persuasive." *Id.* (quoting *Herrera,* 506 U.S. at 417). The capital habeas petitioner asserting a freestanding innocence claim must affirmatively prove that he or she is probably innocent. *See id*.

the claim on the merits." *Pinholster*, 131 S.Ct. at 1398. As explained by the U.S. Supreme Court, allowing "a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*" would be contrary to the purpose of affording state courts the primary responsibility for considering a petitioner's claims. *Id.* at 1399 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

Here, all of the grounds for relief in the Petition were adjudicated on the merits in Arizona state court. The undersigned has recommended that all of Petitioner's federal habeas claims be denied. Where, as here, "the record refutes the [habeas] applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) (a hearing is not required if the allegations would not entitle the petitioner to relief under Section 2254(d)); *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record.") (emphasis in original). Therefore, the undersigned recommends that the Court deny Petitioner's request for an evidentiary hearing.

### 2. Request for Appointment of Counsel

There is no constitutional right to counsel in a habeas proceeding. *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Even if an evidentiary hearing is not warranted, a district court has discretion to appoint counsel for a habeas petitioner when "the interests

of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner requests the appointment of counsel. (Doc. 1 at 23). The undersigned does not find that the interests of justice require the appointment of counsel in this case. Petitioner has failed to show that the complexities of the case are such that denial of appointed counsel would amount to a denial of due process. Moreover, Petitioner's filings with the Court indicate that Petitioner understands the issues and is capable of presenting his arguments to the Court. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming the denial of the appointment of counsel where a petitioner's pleadings demonstrated a good understanding of the issues and an ability to present contentions "forcefully and coherently"). Finally, the record is adequately developed and the undersigned does not find that an evidentiary hearing is necessary. For these reasons, the undersigned recommends that the Court deny Petitioner's request for appointment of counsel.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that the Court deny Petitioner's requests for an evidentiary hearing and the appointment of counsel. The undersigned further recommends that the Court deny and dismiss the Petition (Doc. 1) with prejudice.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's requests for an evidentiary hearing and the appointment of counsel be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right in his claim for relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1)

should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 30th day of September, 2015.

_____
Eileen S. Willett
United States Magistrate Judge